IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM W. COLMER,**

       Plaintiff,

  vs.                                  Civil Action 2:13-CV-564
                                          Judge Watson
                                          Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

       Defendant.

REPORT AND RECOMMENDATION

**I.    Background**

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits. This matter is now before the Court on *Plaintiff's, William W. Colmer, Statement of Errors* ("*Statement of Errors*"), Doc. No. 18, the Commissioner's *Memorandum in Opposition*, Doc. No. 23, and plaintiff's reply, Doc. No. 24.

Plaintiff William W. Colmer filed his application for disability insurance benefits on November 1, 2010, alleging that he has been disabled since August 28, 2008. *PAGEID* 189. The application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on April 10, 2012, at which plaintiff, represented by counsel, appeared and testified, as did Cecilia Speck, who testified as a vocational expert. *PAGEID* 81. In a

decision dated April 19, 2012, the administrative law judge concluded that plaintiff was not disabled from August 28, 2008, through the date of the administrative decision.  *PAGEID* 73-74.  That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on April 25, 2013.  *PAGEID* 56.

Plaintiff was 47 years of age on the date of the administrative decision.  *See PAGEID* 74, 189.  He has at least a high school education, is able to communicate in English, and has past relevant work as a home health aide, maintenance worker, residential aide, and emergency medical technician.  *PAGEID* 72-73.  Plaintiff was last insured for disability insurance purposes on December 31, 2013.  *PAGEID* 67.  He has not engaged in substantial gainful activity since his alleged date of onset of disability.  *Id*.

**II.  Administrative Decision**

The administrative law judge found that plaintiff's severe impairments consist of degenerative disc disease of the lumbar spine, status post fusion; abdominal pain/gastritis; and depression.  *PAGEID* 68.  The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b).  He can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; can sit and stand for 6 hours each out of 8 hours; cannot work with ladders; can only occasionally climb stairs, stoop, balance, kneel, crouch and crawl, as well as reach overhead bilaterally; cannot work with workplace hazards such as heights and/or moving parts; is limited to work involving simple, routine tasks with only occasional changes in a routine work setting.

*PAGEID* 68-69.  Although this RFC precludes the performance of plaintiff's past relevant work as a home health aide, maintenance worker, residential aide, and emergency medical technician, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is nevertheless able to perform a significant number of jobs in the national economy.  *PAGEID* 72-73.  Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from August 28, 2008, through the date of the administrative decision.  *PAGEID* 73-74.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this

Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Plaintiff argues, *inter alia*, that the administrative law judge erred in evaluating the medical opinion of plaintiff's treating provider, Stephen J. Owen, D.O., in determining plaintiff's RFC.[1] *Statement of Errors*, pp. 8-16. Plaintiff specifically argues that the administrative law judge failed to provide good reasons for discounting Dr. Owen's opinion. *Id*.

The opinion of a treating provider must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Even if the opinion of a treating provider is not entitled to controlling weight, an administrative law judge is nevertheless required to evaluate the opinion by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the extent to which the opinion is supported by the evidence, and the consistency of the opinion with the record as a whole. 20 C.F.R. § 404.1527(c)(2)-(6);

---

[1] Plaintiff also argues that the administrative law judge erred in failing to include plaintiff's shoulder impairment among plaintiff's severe impairments. *Statement of Errors*, pp. 16-17.

4

*Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating provider, *i.e.*, reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)). This special treatment afforded the opinions of treating providers recognizes that

> "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

*Wilson,* 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)).

Dr. Owen treated plaintiff regularly for a variety of ailments from October 2005 through January 2012. *See PAGEID* 484-706, 851, 869-72. On January 6, 2012, Dr. Owen completed a physical capacity evaluation and diagnosed bilateral neural foraminal stenosis L5-S1 and chronic obstructive pulmonary disease. *PAGEID* 865-67. According to Dr. Owen, plaintiff could occasionally lift and carry 10 pounds but could not lift or carry anything on a frequent basis. *Id*. Plaintiff could stand and walk for two hours and sit for two hours in an eight-hour workday. *Id*. Plaintiff would need to alternative between sitting and standing in 20 minute intervals and would need to lie down four times in an eight-hour workday. *Id*. Plaintiff could frequently

handle, finger, and feel; and could occasionally twist, stoop/bend, climb stairs, and reach; but could never crouch, climb ladders, or push/pull. *PAGEID* 866. Plaintiff should avoid all exposure to fumes, odors, dusts, and hazards (heights). *PAGEID* 867. Plaintiff would also be limited in his ability to understand, remember, and carry out simple instructions; make simple work-related decisions; respond appropriately to supervisors and co-workers; and deal with changes in a routine work setting. *Id.* Dr. Owen noted that these limitations have been present since October 1, 2008. Finally Dr. Owen opined that plaintiff is "unable to work." *Id.*

The administrative law judge categorized Dr. Owen as a treating source and considered his opinion, but assigned it "very little weight:"

> Steven J. Owen, D.O., a treating physician, opined in a medical source statement dated October 2008 that due to the claimant's degenerative disc disease and chronic obstructive pulmonary disease (COPD), he could lift no more than up to 10 pounds occasionally, and could not sit, stand or walk more than 2 hours during a normal 8 hour workday. (Exhibit 19F, page 2). Additionally, Dr. Owen further opined that the claimant would need to lie down 4 times during the workday, and was "unable to work" at that time. (Exhibit 19F, pages 3-4).

*PAGEID* 70.

> [T]he opinion from Dr. Owen that the claimant is disabled is not supported by the evidence, only partially credible, and assigned very little weight. This opinion also infringes on an issue reserved to the Commissioner under SSR 96-5p. Additionally, as Dr. Owen rendered his opinion in October 2008, he did not have access to approximately three years of later evidence.

*PAGEID* 72. Plaintiff contends that the administrative law judge failed to properly evaluate Dr. Owen's medical opinion. *Statement of Errors*, pp. 8-16. This Court agrees.

6

First, the administrative law judge's expressed reason for discounting Dr. Owen's opinion, i.e., because the opinion was "rendered . . . in October 2008, [and Dr. Owen] did not have access to approximately three years of later evidence," PAGEID 72, is not supported by substantial evidence. Notably, Dr. Owen's opinion is dated January 6, 2012, and he opined that plaintiff's limitations had been present since October 2008. PAGEID 865-67. Second, in considering Dr. Owen's opinion, the administrative law judge did not expressly consider the factors required by *Wilson*. *See Wilson,* 378 F.3d at 544. It is also unclear how Dr. Owen's opinion is "inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. § 404.1527(c)(2). The administrative law judge determined that Dr. Owen's opinion was "not supported by the evidence" and "only partially credible," PAGEID 72, but there is no explanation why the administrative law judge made these findings. The administrative law judge simply has not provided reasons "sufficiently specific to make clear to any subsequent reviewers" the reasons for assigning "very little weight" to Dr. Owen's opinion. *See Rogers*, 486 F.3d at 242. Under these circumstances, the Court is unable to evaluate the administrative law judge's consideration of Dr. Owen's opinion or to conclude that the decision of the administrative law judge in this regard is supported by substantial evidence. The Court therefore concludes that the matter must be remanded for further consideration of Dr. Owen's opinion.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g)

and that this action be **REMANDED** for consideration of the medical opinion of Dr. Owen.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

April 22, 2014                                              *s/Norah McCann King*
                                                                   Norah M<sup>c</sup>Cann King
                                                          United States Magistrate Judge